UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES L. SMITH,

    Plaintiff,

    v.                                                                   Case No. 23-C-100

K9 OFFICER BROCKWAY, et al.,

    Defendants.

## ORDER

Plaintiff Charles L. Smith, who is currently serving a state prison sentence at the Kettle Moraine Correctional Institution and representing himself, filed this civil rights lawsuit under 42 U.S.C. §1983. Dkt. No. 1. On March 21, 2023, the Court screened the original complaint and allowed Plaintiff to proceed on a Fourth Amendment claim that Sheboygan County Police Officers Brockway, Hellend, and Kudinger used excessive force during his August 27, 2018 arrest. Dkt. No. 15. On April 10, 2023, Plaintiff filed a motion for leave to file an amended complaint, along with a proposed amended complaint. Dkt. No. 23. Plaintiff states that the individual who kneed him in the ribs during his arrest, breaking three of his ribs, was Officer Rakow (not Officer Hellend), so he seeks to proceed against Officer Rakow in this case as well. *Id*. at 2. Plaintiff states that he also wants to proceed against Supervising Officer Sergeant Haage and the Sheboygan Sheriff's Department for "condoning of hurting citizens." *Id*. According to Plaintiff, following the incident, Sergeant Haage allegedly laughed at Plaintiff's injuries while discussing it with his subordinates over the radio. *Id*. Sergeant Haage allegedly said, "So it was a good tackle then."

*Id*. Sergeant Haage is listed as a defendant in the caption of the proposed amended complaint, but the Sheboygan Sheriff's Department is not listed as a defendant. Dkt. No. 23-1 at 1.

A plaintiff may amend the complaint once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). Defendants have not yet served a responsive pleading or a motion under Rule 12(b), (e), or (f); thus, the Court will deny as unnecessary the motion for leave to file an amended complaint. Instead, it will direct the Clerk's office to detach the proposed amended complaint and file it as the operative Amended Complaint.

Further, as explained in the prior order, Plaintiff may proceed on a Fourth Amendment excessive force claim against Sheboygan County Police Officers Brockway, Hellend, and Kudinger in connection with his August 27, 2018 arrest. *See* Dkt. No. 15. Given the allegation that Officer Rakow was also involved in the arrest and breaking Plaintiff's ribs, *see* Dkt. No. 23-1 at 4-5, Plaintiff may also proceed against Officer Rakow on a Fourth Amendment excessive force claim. However, there is no supervisory liability under §1983. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Thus, the fact that Sergeant Haage laughed about the incident while discussing it with his subordinates over the radio does not make him liable for the conduct of the individuals he supervises. Similarly, the Sheboygan Sheriff's Department is not a proper defendant under §1983. *See Whiting v. Marathon Cnty Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Accordingly, Plaintiff may not proceed against Sergeant Haage or the Sheboygan Sheriff's Department.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend the complaint (Dkt. No. 23) is **DENIED** as unnecessary. The Clerk's office shall detach the proposed amended complaint (Dkt. No. 23-1) and file it as the operative Amended Complaint.

**IT IS FURTHER ORDERED** that Sergeant Haage is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon Officer Rakow pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

Dated at Green Bay, Wisconsin this 24th day of April, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge