UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES L. SMITH,

        Plaintiff,

v.                                           Case No. 23-C-100

K9 OFFICER BROCKWAY, et al.,

        Defendants.

---

## ORDER DISMISSING CASE

Plaintiff Charles L. Smith, who is representing himself, is proceeding on a Fourth Amendment claim that Defendants used excessive force during his August 27, 2018 arrest. *See* Dkt. Nos. 1 & 26. This matter comes before the Court on Defendants' motions to dismiss based on Wisconsin's three-year statute of limitations, along with several other pending motions. *See* Dkt. Nos. 28, 35, 39, 41, 43, & 50. Because this lawsuit is time-barred, the Court will grant Defendants' motions to dismiss and will deny as moot the remainder of the pending motions.

## MOTION TO DISMISS STANDARD

A statute of limitations defense may be raised by motion under Rule 12(b)(6) if the allegations of the complaint set forth everything needed to satisfy the affirmative defense. *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009). At the pleading stage, the Court must take the factual allegations as true, granting Plaintiff the benefit of every reasonable inference that may be drawn from those allegations. *Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013). Dismissal is warranted only if it appears beyond doubt that the plaintiff cannot prove any facts that would

support his claim for relief. *Hayes v. City of Chi.,* 670 F.3d 810, 813 (7th Cir. 2012) (citing *Thomas v. Guardsmark, Inc.,* 381 F.3d 701, 704 (7th Cir. 2004)).

## ANALYSIS

Defendants assert that Plaintiff's claim is time-barred under Wisconsin's three-year statute of limitations. Dkt. Nos. 28 & 50. They argue that the incident giving rise to this lawsuit occurred on August 27, 2018; therefore, Plaintiff should have filed the case on or before August 27, 2021. Defendants maintain that because Plaintiff filed the action on January 26, 2023, this lawsuit is untimely. *See id*. Plaintiff opposes the motions asserting that his claim did not accrue until sometime in 2020, when he watched a video of the incident during the discovery phase of a state court criminal case. Dkt. No. 42 at 1-2. Plaintiff also claims that he "still cannot recollect many parts of the incident." *Id*. at 2-3. He believes that these "voids in memory are most likely due to head trauma." *Id*. Plaintiff states, "common sense would tell me that amnesia is quite common with these types of injuries." *Id*.

A §1983 lawsuit must be brought within the statute of limitations for personal injuries supplied by the state in which the claim arose. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). In Wisconsin, the statute of limitations for an incident that accrued after April 5, 2018 is three years. *Id.*; *see also D'Acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that the Wisconsin legislature changed the relevant statute of limitations from six years to three years). Although federal courts borrow the statute of limitations from state law, "the accrual date of a §1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388. Under federal law, the clock starts when the constitutional violation is complete, and Plaintiff knows of his injury and its cause. *Id.*; *O'Gorman v. City of Chicago*, 777 F.3d 885, 889

(7th Cir. 2015). In an excessive force case, the claim accrues at the time the force was purportedly applied. *Walker v. City of Chicago*, 559 F. Supp. 3d 747, 751 (N.D. Ill. 2021); *see also Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) (noting that an excessive force claim "accrues immediately.").

Based on the allegations in the amended complaint, there is no doubt that Plaintiff would have known about Defendants' conduct and the cause of his injury "immediately" when it happened on August 27, 2018. Plaintiff's amended complaint confirms that Defendants unnecessarily tackled him to the ground during his arrest, broke his collarbone and ribs in the process, and caused him to scream out in pain. *See* Dkt. No. 26. Plaintiff further alleges that he was in severe pain at the hospital every time he moved. *Id*. Based on these allegations, it is clear Plaintiff's claim accrued on August 27, 2018, "immediately" upon the use of unnecessary force, and he therefore should have filed this lawsuit before August 27, 2021 to comply with Wisconsin's three-year statute of limitations.

Plaintiff's argument that he did not truly "discover" his injuries until he watched videos of the incident during the discovery phase of his criminal trial in 2020 is without merit. It is possible that Plaintiff may not have comprehended the extent of Defendants' bad conduct until he watched the video of the incident. Plaintiff notes, for example, that he didn't know Kundinger was "laughing" about the incident until he listened to discovery evidence. But Plaintiff certainly would have known that Defendants unnecessarily caused him injury when they broke his collarbone and ribs during an arrest. Further, Plaintiff's speculation that the incident could have caused head trauma or amnesia are not enough to implicate any tolling provision under Wisconsin state law or federal law. Because Plaintiff did not file this lawsuit until January 26, 2023, it is

3

time-barred under Wisconsin's three-year statute of limitations, and the Court must grant Defendants' motions to dismiss.

The Court will deny as moot the remainder of the pending motions. Though Plaintiff raises issue with the failure to serve one of the motions to dismiss, and another motion to dismiss was untimely filed, Plaintiff responded to the motions on the merits, and therefore he was not prejudiced by any of these deficiencies.

For these reasons, Defendants' motions to dismiss (Dkt. Nos. 28 & 50) are **GRANTED**. Helland and Kundinger's original motion to dismiss (Dkt. No. 35), Plaintiff's motion for default judgment (Dkt. No. 39), Plaintiff's motion to dismiss Defendant Kundinger (Dkt. No. 41), and Plaintiff's motion to dismiss and for default judgment (Dkt. No. 43) are **DENIED as moot**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of October, 2023.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
